**Semnar & Hartman, LLP**
Babak Semnar, Esq. (SBN 224890)
Jared M. Hartman (SBN 254860)
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff
SETH BORTIN

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH BORTIN, an individual, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| v. | ) **FOR VIOLATIONS OF:** |
| | ) |
| CKS FINANCIAL, a business entity, | ) **1. THE FAIR DEBT COLLECTION** |
| form unknown, | ) **PRACTICES ACT; AND** |
| | ) |
| Defendants. | ) **2. THE ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT** |
| | ) |
| | ) **[DEMAND FOR JURY TRIAL]** |
| | ) |
| | ) |
| | ) |

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. SETH BORTIN, ("Plaintiff"), through his attorneys, brings this action to challenge the actions of CKS FINANCIAL ("CKS" or "Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

JURISDICTION AND VENUE

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt

Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9.  Plaintiff resides in the City of Livermore, which is located in the County of Alameda, California.

10. CKS is a business whose principal place of business is located in the City of Chesapeake, State of Virginia.

11. CKS regularly does business within the County of Alameda, California by contacting residents therein for purposes of debt collection, and therefore personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c)(2).

12. Jurisdiction of this Court arises under 28 U.S.C. § 1367 for supplemental state claims.

13. CKS sent collection letters to Plaintiff, among other actions, to collect this alleged debt.

14. Because Defendant actively and regularly does business within the County of Alameda in the State of California and the action giving rise to the claim took place in the County of Alameda, California, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391b(1) and § 1391b(2).  At all times relevant, Defendant conducted business within the County of Alameda, State of California, Plaintiff resides therein, and witnesses are located therein.

PARTIES

16. Plaintiff is a natural person who resides in the City of Livermore, County of Alameda, State of California.

17. Defendant CKS is located in the City of Chesapeake, State of Virginia.

18. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or

who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt, which was alleged to have been due and owing from Plaintiff, and is therefore a debtor as that term is defined by California Civil Code § 1788.2(h).

21. Defendant, in the ordinary course of business, regularly, and on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

23. Sometime in the year 2007, Plaintiff is alleged to have incurred certain financial obligations with World's Foremost Bank, whereby he received a line of credit for his use within his personal life for everyday purchases.

24. This financial obligation was primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26. Sometime in the year 2011, the alleged debt went into default.

27. Records confirm that the date of last payment upon the account was October 30, 2011.

28. Therefore, the statute of limitations for the creditor to pursue legal action upon this alleged debt began to run November 1, 2011.

29. The statute of limitations for the creditor to pursue legal action upon this alleged debt expired November 1, 2015.

30. World's Foremost Bank charged off the debt in May 2013.

31. In May of 2013, Defendant CKS took over the rights to collect upon the alleged debt.

32. Plaintiff retained an attorney—Jim Shepherd—sometime in the year 2013 to attempt to negotiate with Defendant CKS an amount that would be acceptable for all parties to settle any outstanding amount.

33. Plaintiff's former attorney, Mr. Shepherd, has delivered written communications to Defendant CKS and has also had telephonic communications with Defendant CKS, all during which Mr. Shepherd identified himself as an attorney representing Plaintiff upon the alleged debt.

34. Therefore, Defendant CKS had actual knowledge that Mr. Shepherd was representing Plaintiff upon the alleged debt, and either knew, or could have reasonably ascertained, Mr. Shepherd's name and address.

35. Despite actual knowledge of Mr. Shepherd's representation of Plaintiff, Defendant CKS attempted to contact Plaintiff directly in an attempt to collect upon the discharged debt by way of letter dated March 2, 2017.

36. Attached as "Exhibit A" is a true and correct copy of the March 2, 2017 letter.

37. Neither Plaintiff nor Mr. Shepherd authorized Defendant to contact Plaintiff directly.

38. Defendant's March 2, 2017 communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

39. The March 2, 2017 collection letter was delivered to Plaintiff personally at his home address, and was not delivered to Plaintiff's attorney, Mr. Shepherd.

40. The collection letter explicitly claimed to Plaintiff that claimed Plaintiff owed an outstanding balance of $18,339.56 and that Defendant was attempting to collect the alleged debt.

41. The March 2, 2017 collection letter also explicitly conveyed a "settlement offer" upon the account, and included the following language:

> At this time we are willing to settle the above referenced account for $7,335.82 provided this amount is received in good funds by our office on or before 03/31/2017.  Once your payment(s) totaling $7,335.82 have been processed successfully, we will update your account to have a $0.00 balance with a settled in full status and update any credit bureaus we are reporting to as such.  If funds are not received by 03/31/2017, this settlement offer becomes null and void.

42. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

43. This letter does not contain any savings clause that informs Plaintiff that any ability for Defendant to pursue legal action against Plaintiff is barred by the statute of limitations and that Defendant will not seek any such legal action.

44. However, because any ability to pursue legal action by Defendant expired in November 2015 as a result of the applicable statute of limitations having expired, Defendant is not able to pursue any legal action upon the debt, and therefore any implied threat to sue Plaintiff and exercise available legal remedies are all false statements that amount to misrepresentations about the legal status of the debt.

45. Upon information and belief, Defendant uttered such false statements and misrepresentations with the intention of scaring Plaintiff into fearing that he may be sued by Defendant, and to in turn trick him into paying the amount demanded.

46. Because Defendant's letters above violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in

the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

47. Furthermore, by contacting Plaintiff directly, Defendant caused bewilderment and confusion upon the part of Plaintiff because he knew Defendant had actual knowledge of Mr. Shepherd's representation of him upon the alleged debt, and Plaintiff therefore feared that Mr. Shepherd had informed Defendant that Plaintiff was no longer represented by Mr. Shepherd and that Defendant could contact Plaintiff directly, which further caused Plaintiff to suffer anxiety, fear, worry, and confusion as to whether he might be subjected to more debt collection efforts and potentially even be subjected to a lawsuit by Defendant.

48. Additionally, as a direct result of Defendant's conduct, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over the fact that Defendant has continued its collection efforts from him directly despite his attorney's representation, and feelings of despair over whether legal protections actually do not protect him as a consumer.

49. Finally, Plaintiff suffered feelings of embarrassment, shame, anxiety, fear, and feelings of despair over the concern that he would be subjected to a lawsuit by Defendant, as a direct result of Defendant's implicit threats to pursue legal action if Plaintiff were not to accept Defendant's "settlement offer" by the deadline.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**
**15 U.S.C. 1692, *et seq.***

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

48. In particular, Defendant violated 15 U.S.C. §1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the

collection of the purported debt by falsely threatening to Plaintiff that Defendant maintained legally-enforceable claims by using the "settlement" and ominously threatening that the "settlement offer" would be null and void as of a specific date, which was done with the intention of implying to Plaintiff that he could be sued upon the purported debt even though the applicable statute of limitations had already expired years prior.

49.     Additionally, Defendant violated 15 U.S.C. §1692e(2)(A) of the FDCPA by falsely representing the character, amount, and legal status of the purported debt by falsely threatening to Plaintiff that Defendant maintained legally-enforceable claims by using the "settlement" and ominously threatening that the "settlement offer" would be null and void as of a specific date, which was done with the intention of implying to Plaintiff that he could be sued upon the purported debt even though the applicable statute of limitations had already expired years prior.

50.     Additionally, Defendant violated 15 U.S.C. §1692e(5) of the FDCPA by falsely threatening to take action that cannot legally be taken by falsely threatening to Plaintiff that Defendant maintained legally-enforceable claims by using the "settlement" and ominously threatening that the "settlement offer" would be null and void as of a specific date, which was done with the intention of implying to Plaintiff that he could be sued upon the purported debt even though the applicable statute of limitations had already expired years prior.

51.     Additionally, Defendant violated 15 U.S.C. §1692e(10) of the FDCPA by using false representations and deceptive means in connection with the collection of the purported debt by falsely threatening to Plaintiff that Defendant maintained legally-enforceable claims by using the "settlement" and ominously threatening that the "settlement offer" would be null and void as of a specific date, which was done with the intention of implying to Plaintiff that he could be sued upon the purported debt even though the applicable statute of limitations had already expired years prior.

52. Additionally, Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair and unconscionable means in connection with the collection of the purported debt by falsely threatening to Plaintiff that Defendant maintained legally-enforceable claims by using the "settlement" and ominously threatening that the "settlement offer" would be null and void as of a specific date, which was done with the intention of implying to Plaintiff that he could be sued upon the purported debt even though the applicable statute of limitations had already expired years prior.

53. Additionally, Defendant violated 15 U.S.C. §1692c(a)(2) of the FDCPA by contacting Plaintiff directly, without authorization, despite actual knowledge that Plaintiff was represented by an attorney upon the alleged debt, and Defendant either knew, or could reasonably ascertain, the name and address of the attorney.

54. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA)
### Calif. Civ. Code 1788, *et seq.*

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. In Calif. Civ. Code 1788.17, the Calif. Rosenthal Act incorporates all FDCPA prohibitions and applies them as violations of the Rosenthal Act in addition to violations of the FDCPA.

57. In Calif. Civ. Code 1788.32, the Calif. Rosenthal Act specifically states that violations of the Rosenthal Act are in addition to, and cumulative to, any other violations of any other provision of law

58. Therefore, the foregoing acts and omissions constitute numerous and multiple violations of Calif. Civ. Code 1788.17 of the Rosenthal Act in addition to the FDCPA.

59.

60. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages of up to $1,000.00 under 1692k(a)(2)(A), which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00, pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## **PRAYER FOR DAMAGES AND OTHER REMEDIES**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded damages from Defendant as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An additional award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17; and
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

///

///

///

1    Pursuant to the seventh amendment to the Constitution of the United States of

2    America, Plaintiff is entitled to, and demands, a trial by jury.

3

4    DATED: 5-4-17                           **SEMNAR & HARTMAN, LLP**

5

6                                            By: <u>s/ Jared M. Hartman</u>
                                             Jared M. Hartman, Esq.
7                                            Semnar & Hartman, LLP
                                             Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

03/02/2017



**CKS FINANCIAL**

Chesapeake VA 23327-2856

Creditor: Worlds Foremost Bank - Cabelas Club Visa
Account ID: ▮▮▮▮▮
Balance as of Today: $18,339.56      **Settlement Offer:** $7,335.82

Dear Seth Bortin,

This letter serves as an additional notification to inform you that a transaction took place on 05/10/2013 through which CKS Financial purchased your Worlds Foremost Bank - Cabelas Club Visa account with a past-due balance as referenced above. At this time we are willing to settle the above referenced account for $7,335.82 provided this amount is received in good funds by our office on or before 03/31/2017.

Once your payment(s) totaling $7,335.82 have been processed successfully, we will update your account to have a $0.00 balance with a settled in full status and update any credit bureaus we are reporting to as such. If funds are not received by 03/31/2017, this settlement offer becomes null and void.

If you would like to discuss other possible payment arrangements available on your account, please call our office at (800) 984-3711 during the following business hours:  Monday through Friday 9am to 10pm Eastern Standard Time.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

`CF:N:11  663007227501`            * * * Please detach portion below and return with your payment. * * *            `3001200002588300000107`

▮▮▮▮▮

Chesapeake, VA 23327-2856

| TO PAY BY CREDIT CARD PLEASE COMPLETE THIS SECTION | **VISA** VISA | MasterCard |
| --- | --- | --- |
| CARD NUMBER | CC ID# | EXP DATE |
| CARD HOLDER NAME (please print) | | SIGNATURE |

03/02/2017

RE  Worlds Foremost Bank - Cabelas Club Visa
Account ID  ▮▮▮▮▮
Amount Due: $7,335.82  AMOUNT ENCLOSED $_____

Seth Bortin

Livermore, CA 94551-5925

✉ **Mail All Correspondence & Payments To:**
CKS Financial

Chesapeake, VA 23327-2856